FILED

MAR 0 1 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>MIGUEL ANGEL VASQUEZ TORRES,  )<br>  )<br>Defendant.  ) | CRIMINAL NO. 15-CR-30153-SMY |

## PLEA AGREEMENT

It is hereby agreed between the United States of America, through Acting United States Attorney James L. Porter and Assistant United States Attorney Ali Summers (collectively referred to as the "United States") and Defendant, Miguel Angel Vasquez Torres, (hereinafter "Defendant") with the advice and consent of Daniel Cronin, counsel for Defendant, as follows:

### I. Plea, Penalties, and Elements

1. Defendant will enter a plea of guilty to Counts 1, 2 and 3 of the Superseding Indictment. Defendant understands that the statutory maximum and minimum penalties are as follows:

| Count | Charge & Statute | Statutory Penalties | Elements of the Offense |
|---|---|---|---|
| 1 | Production of Child Pornography, 18 U.S.C. § 2251(a) | Mandatory minimum sentence of 15 years up to a maximum of 30 years imprisonment; up to a $250,000 fine, or both; and a supervised release term of 5 years to life. | 1. That the Defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and<br><br>2. At the time, the victim was a minor; and<br><br>3. That the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means. |

| 2 | Distribution of Child Pornography, 18 U.S.C § 2252A(a)(2)(B) | Mandatory minimum sentence of 5 years up to a maximum of 20 years imprisonment; up to a $250,000 fine, or both; and a supervised release term of 5 years to life. | 1.That the defendant knowingly distributed a visual depiction; 2. That such visual depiction contained child pornography; 3. The defendant knew that one or more persons depicted in the visual depiction was under the age of eighteen years; and 4. The visual depiction was mailed, shipped, or transported in interstate or foreign commerce or shipped or transported in a manner affecting interstate or foreign commerce. |
|---|---|---|---|
| 3 | Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(2)(B) | Mandatory minimum sentence of 5 years up to a maximum of 20 years imprisonment; up to a $250,000 fine, or both; and a supervised release term of 5 years to life. | 1. That the defendant knowingly received a visual depiction; 2. That such visual depiction contained child pornography; 3. The defendant knew that one or more persons depicted in the visual depiction was under the age of eighteen years; and 4. The visual depiction was mailed, shipped, or transported in interstate or foreign commerce or shipped or transported in a manner affecting interstate or foreign commerce. |

Defendant committed acts that satisfy each of the above elements of each offense listed above. Defendant agrees that Defendant is guilty of all the charges in the Superseding Indictment.

2. Defendant understands that the Court must assess a "Special Assessment" of $100 per felony count. Defendant agrees to pay the special assessment on or before the date of sentencing unless Defendant establishes an inability to pay on or before the date of sentencing

2

through the financial disclosure to the U.S. Probation Office as part of the presentence investigation and report, in which case Defendant agrees to pay it as soon as practicable.

3.  Defendant understands that the United States will recommend the imposition of a fine, which may be based in part on Defendant's projected earnings through the Inmate Financial Responsibility Program.

4.  Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts dated June 16, 2015, are, for imprisonment: $2,552.00 per month; for community confinement: $2,417.00 per month; and for supervision: $273.00 per month.

5.  Defendant shall cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office, and Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

6.  Defendant understands that restitution is mandatory, pursuant to Title 18, United States Code, Section 3663A.

## II. Advisory Sentencing Guideline Calculations

1.  The United States and Defendant submit that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 46, a Criminal History Category of I, a sentencing range of Life imprisonment, and a fine range of $50,000 to $500,000. The United States and Defendant agree that these calculations of Offense Level and

3

Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, Defendant will not be permitted to withdraw Defendant's plea of guilty.

**The United States agrees to recommend a sentence of 480 months (40 years) imprisonment. The Defendant agrees to seek a sentence of not less than 360 months (30 years) imprisonment.** The United States and Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a), but agree not to seek a sentence outside the terms of this plea agreement. Defendant understands that this agreement by the parties regarding their respective recommendations is not binding upon the Court or the United States Probation Office, and the Court may impose any sentence authorized by law. The United States specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category. Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses and the criminal history and characteristics of Defendant.

2. The United States submits that the following provisions of the United States Sentencing Guidelines are applicable to sentencing in this case:

| GUIDELINE SECTION | DESCRIPTION | OFFENSE LEVEL |
|---|---|---|
| Group 1: | **Count 1: Production of Child Pornography** | |
| 2G2.1(a) | Base offense level | 32 |
| 2G2.1(b)(1)(B) | Offense involved minor between 12 and 16 years old | +2 |
| 2G2.1(b)(2)(A) | Offense involved commission of a sexual act or conduct | +2 |

4

| 2G2.1(b)(5) | Defendant was a parent, relative or legal guardian of minor | +2 |
|---|---|---|
| **Total for Group 1** | | **38 (1 Unit)** |
| Group 2: | **Counts 2 & 3: Distribution and Receipt of Child Pornography** | |
| 2G2.2(a)(2) | Base offense level | 22 |
| 2G2.2(b)(2) | Offense involved prepubescent minors | +2 |
| 2G2.2(b)(3)(F) | Offense involved distribution of images | +2 |
| 2G2.2(b)(4) | Offense involved sadistic/masochistic images | +4 |
| 2G2.2(b)(5) | Defendant engaged in pattern of activity of sexual abuse of a minor | +5 |
| 2G2.2(b)(6) | Offense involved use of a computer | +2 |
| 2G2.2.(b)(7)(D) | Offense involved more than 600 images | +5 |
| **Total for Group 2** | | **42 (1 Unit)** |
| 3D1.2 | 2 Units result in 2 levels added to highest offense level | +2 |
| | Adjusted offense level after grouping | 44 |
| 4B1.5(b) | Repeat Sexual Offender Against Children: Defendant charged with covered sex offense and engaged in a pattern of activity involving prohibited sexual conduct | +5 |
| **SUBTOTAL** | | 49 |
| 3E1.1 | Acceptance of Responsibility | - 3 |
| **TOTAL OFFENSE LEVEL** | | 46 |

7.  Defendant and the United States submit that it appears that Defendant has amassed zero Criminal History points and that, therefore, the Sentencing Guideline Criminal History Category is I.

### III. Limitation of Plea Agreement & Breach of the Agreement

1.  Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts. Defendant agrees that this Plea Agreement and the Stipulation and any addenda attached hereto embody the entire agreement between the United States and Defendant and supersedes any other agreement, oral or written.

2.  Defendant understands and acknowledges that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. Defendant further understands and acknowledges that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

5

3. Defendant acknowledges, understands and agrees that if Defendant:

- commits any offense in violation of federal, state, or local law;

- violates any condition of release;

- violates the terms of this Agreement or the attached Addenda, if any;

- fails to perform any of Defendant's obligations under this Agreement or the attached Addenda, if any;

- moves to withdraw the guilty plea;

- contests or assists another in contesting the forfeiture of money, property or assets which Defendant has agreed to forfeit;

- conceals, transfers, encumbers, or otherwise makes unavailable any assets (or assists any person therewith), that would otherwise be available to the United States through exercise of legal process to satisfy any financial obligation imposed by the Court including but not limited to the forfeiture judgment, money judgment or restitution judgment, or committing any acts constituting obstruction of justice;

- files an appeal or institutes a post-conviction proceeding not authorized in the section entitled "Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver;"

such violation or action by Defendant may constitute a material breach of this Agreement. In the event of Defendant's material breach of this Plea Agreement, Defendant will not be able to enforce any of its provisions, and the United States will be relieved of all of its obligations under this Plea Agreement. For example, the United States will be free to pursue any charges including those that may have been dismissed, promised to be dismissed, or not filed as a result of this Plea Agreement. Defendant agrees that any statute of limitations relating to such charges is tolled as

of the date Defendant signs this Plea Agreement. Defendant also waives any double jeopardy defense or speedy trial challenges to such charges, in the event that charges are brought following a breach of this Plea Agreement by Defendant. The United States may move to set aside Defendant's guilty plea. Additionally, Defendant agrees that in the event of Defendant's material breach of this Plea Agreement, or if Defendant is permitted to withdraw Defendant's guilty plea, any and all statements made by Defendant, whether under oath or not, at the change of plea hearing, and any evidence derived from such statements, are admissible against Defendant in any prosecution of or action against Defendant. Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

### IV. Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver

1. Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2. By pleading guilty, Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a

reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

3.   Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c).  Defendant and United States agree that there are no exceptional circumstances that would justify Defendant's release pending sentencing.

4.   Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial.

5.   Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack.  However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **<u>Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction and sentence</u>**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment.  Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

8

6.      Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to:  1) claims of ineffective assistance of counsel; 2) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders Defendant actually innocent of the charges covered herein; and 3) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10).  The United States reserves the right to oppose such claims for relief.

7.      Except as expressly permitted in paragraphs 5 and 6 (directly above), Defendant acknowledges that any other appeal or collateral attack may be considered a material breach of this Plea Agreement and the United States reserves the right to take any action it deems appropriate to have a court declare that Defendant has materially breached this Plea Agreement.

8.      Defendant's waiver of appeal and collateral review rights shall not affect the United States' right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b).  This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General.  28 C.F.R. § 0.20(b).

9.      Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

## V. Collateral Consequences of Conviction

1. Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes, Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2. If convicted in this case, and if Defendant is not a United States citizen, Defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the district court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

## VI. Defendant's Acknowledgements

Defendant is fully satisfied with the representation received from defense counsel. Defendant acknowledges that the United States has provided complete discovery compliance in this case. Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses. Defendant acknowledges that Defendant has had adequate opportunity to discuss the potential consequences of Defendant's plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress or coercion. Defendant enters this guilty plea freely, voluntarily and knowingly because Defendant is guilty.

By signing this Plea Agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in a language that Defendant understands) and that Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands its meaning and effect.

## VII. Defense Counsel's Acknowledgements

I have thoroughly read, reviewed and explained this Plea Agreement and its addenda, if any, to my client, who understands and accepts its terms. I have advised Defendant of all matters within the scope of Fed.R.Crim.P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the maximum statutory sentence possible. I have further discussed the advisory Sentencing Guidelines with Defendant. No assurances, promises, or representations have been given to me or to Defendant by the United

11

States or any of its representatives that are not contained in this written agreement or the attached addenda, if any.

## VIII.

No matters are in dispute.

                                                JAMES L. PORTER
                                                Acting United States Attorney

_/s/ Miguel Angel Vasquez Torres_           _/s/ Ali Summers_
MIGUEL ANGEL VASQUEZ TORRES       ALI SUMMERS
Defendant                                             Assistant United States Attorney

_/s/ Daniel J. Cronin_
DANIEL CRONIN
Attorney for Defendant

Date: __3-1-16__                                    Date: __3.1.16__